

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

**BY ECF AND E-MAIL**  November 21, 2018

The Honorable Katherine Polk Failla
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

RE:  Park Insurance Co. v. Vullo et al., No. 18-cv-9628

Dear Judge Failla:

      This Office represents Defendants Maria T. Vullo, Superintendent of Financial Services of the State of New York, and the New York State Department of Financial Services ("DFS") (collectively, "Defendants") in the above-referenced matter brought under 42 U.S.C. § 1983 seeking monetary damages against them.  More specifically, Plaintiff seeks damages against Defendants in connection with an ongoing liquidation proceeding that is pending and set for trial on December 4, 2018 arising from Plaintiff's failure to comply with the New York Insurance Law for almost a decade.  As a threshold matter, this § 1983 action against DFS and Superintendent Vullo is barred by the Eleventh Amendment.  Further, this action is subject to dismissal because Plaintiff has failed to state a claim and because the Court should decline jurisdiction pursuant to the Burford abstention doctrine.  Burford v. Sun Oil Co., 319 U.S. 315 (1943) ("Burford").  For the reasons set out below we respectfully request a pre-motion conference regarding Defendants' intended motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

      By way of background, Superintendent Vullo and DFS are responsible for regulating the New York financial services industry, including the insurance industry.  As the state's insurance regulator, Superintendent Vullo is tasked by statute with enforcing New York law against insurance companies, agents, and brokers doing business in New York.  She is also responsible for monitoring the financial solvency of the insurance companies doing business in New York to ensure that each company has sufficient financial resources to pay all of the current and future claims related to insurance policies it has issued.  Where, as here, an insurance company is insolvent or has insufficient financial resources required under New York law (or where any of the other criteria in New York Insurance Law § 7402 are satisfied), the DFS Superintendent is authorized to seek the liquidation of the insurer in a proceeding filed in New York Supreme Court under Article 74 of the New York Insurance Law.  Park Insurance Co. ("Park") – the plaintiff in this federal case – is currently the respondent in an Article 74 liquidation proceeding in New York County, Vullo v. Park Insurance Co. (Docket No. 452877/2017) (Hagler, J.S.C.).  This federal case interferes with the pending state-court regulatory enforcement matter.

**I. The Eleventh Amendment Bars This Action against DFS and Superintendent Vullo**. The Eleventh Amendment to the U.S. Constitution bars federal suits against a state and its agencies unless (i) the state unambiguously consents to be sued, or (ii) Congress has enacted legislation explicitly and unmistakably abrogating the state's Eleventh Amendment immunity. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54-55 (1996); Papasan v. Allain, 478 U.S. 265, 276 (1986); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). This bar applies regardless of the remedy sought, precluding injunctive as well as monetary relief. Missouri v. Fiske, 290 U.S. 18, 27 (1933); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Cory v. White, 457 U.S. 85, 90-91 (1982).

New York has not consented to be sued in federal court. Trotman v. Palisades Interstate Park Commission, 557 F.2d 35, 38-40 (2d Cir. 1977). Nor has Congress enacted legislation abrogating the State's immunity with respect to § 1983 claims. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-67 (1989) (§ 1983 does not abrogate Eleventh Amendment immunity). DFS, a New York State agency, is immune from suit under § 1983. See N.Y. Fin. Servs. Law § 102 (enabling act establishing DFS as a state agency); Pennhurst, 465 U.S. at 100 ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); Mamot v. Board of Regents, 367 Fed. Appx. 191, 192-93 (2d Cir. 2010). The Eleventh Amendment also bars Park's claim for monetary damages against Superintendent Vullo. See, e.g., Ex Parte Young, 209 U.S. 123 (1908); Tsirelman v. Daines, 794 F.3d 310, 314 (2d Cir. 2015) ("[R]etroactive claims seeking monetary damages from the state treasury are barred by the Eleventh Amendment because, even if state officials are the nominal defendants, the state is the real party in interest."); see also Gollomp v. Spitzer, 568 F.3d 355 (2d Cir. 2009). Consequently, dismissal of the complaint is required under Fed. R. Civ. P. 12(b)(1).

**II. Park's Complaint Fails to State a Claim**. There are two independent reasons why Park's complaint should also be dismissed under Rule 12(b)(6) for failure to state a claim. First, neither DFS nor Superintendent Vullo is an appropriate defendant under 42 U.S.C. § 1983, which permits suits only against "persons." A state official sued in her official capacity is not a "person" susceptible to suit within the meaning of 42 U.S.C. § 1983. Will, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Nor is a state agency a "person." E.g. Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) ("Neither a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983."). Second, Park fails to allege facts sufficient to establish a selective enforcement claim. Park fails to allege specific facts showing that it is similarly situated to the other insurers identified in the complaint. Nor has Park alleged any facts showing impermissible considerations by Defendants "such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Jones v. Bay Shore Union Sch. Dist., 666 Fed. Appx. 92, 94 (2d Cir. 2016); Savino v. Town of Se., 983 F. Supp. 2d 293, 305 (S.D.N.Y. 2013), aff'd, 572 F. App'x 15 (2d Cir. 2014). As Park has failed to sue a person subject to suit under § 1983 and does not allege a viable claim, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**III. Burford Abstention Also Requires Dismissal**. Moreover, if jurisdiction existed (it does not), and Plaintiff had pled a viable claim (it does not), this Court would still be required to

decline jurisdiction pursuant to Burford abstention doctrine. Under Burford, a federal court "must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar;' or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989). Abstention is warranted in such cases in order to "protect[] complex state administrative processes from undue federal interference." Id. at 362; see also Hachamovitch v. Debuono, 159 F.3d 687, 697 (2d Cir. 1998).

Federal suits brought to collaterally attack or interfere with state insurance liquidation proceedings, such as the present one, are the paradigmatic example of when Burford abstention requires dismissal. "The administrative and judicial scheme erected by New York to regulate insurance companies . . . operates pursuant to an express federal policy of noninterference in insurance matters." Levy v. Lewis, 635 F.2d 960, 963 (2d Cir. 1980) (holding that district court should have declined jurisdiction over a federal suit brought against the Superintendent of Insurance in connection with the ongoing liquidation of an insurance company). The Second Circuit holds that insurance regulation is a matter of central state concern because "[i]n the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, Congress mandated that regulation of the insurance industry be left to the individual states" and thereby "recognized the overriding interest of the States" in that area. Id. at 963-64; see also Law Enforcement Ins. Co. v. Corcoran, 807 F.2d 38, 43 (2d Cir. 1986) (district court should have abstained under Burford in a suit against the Superintendent relating to the liquidation of an insurer); Capitol Indemn. Corp. v. Curiale, 871 F. Supp. 205 (S.D.N.Y. 1994) (collecting cases; "the Second Circuit has clearly established that Burford abstention is appropriate in the context of a state's liquidation of insurance companies").

This federal action challenges the financial standards under which DFS evaluated Park's solvency as part of its close regulation of the insurance industry in New York. See Complaint ¶¶ 22-30. Interference with state regulatory processes is exactly what is barred by Burford.

Defendants therefore respectfully request a pre-motion conference relating to their intended motion to dismiss.

Respectfully submitted,

/s/ Matthew L. Conrad
Matthew L. Conrad
Assistant Attorney General
28 Liberty Street
New York, N.Y. 10005
(212) 416-6352

cc:     Robert Lewin, Esq. (by ECF)